IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL SPITZER | CRIMINAL ACTION FILE NO.:<br><br>1:25-cr-480-ELR-JKL |

# FINAL REPORT AND RECOMMENDATION

Defendant Daniel Spitzer is charged in this case with one count of transmitting an interstate threat in violation of 18 U.S.C. § 875(c). [Doc. 1 (indictment).] Mr. Spitzer moves to dismiss the indictment on First Amendment grounds, arguing that his alleged statement cannot be characterized as a "true threat." [Doc. 40.] The government opposes the motion [Doc. 44], and Mr. Spitzer has filed a reply [Doc. 45]. For the reasons that follow, it is **RECOMMENDED** that Mr. Spitzer's motion be **DENIED**.

## ANALYSIS

The indictment alleges that on July 23, 2024, Mr. Spitzer posted the following message on the website for the American Federation of Teachers, a labor union, regarding its president ("Individual #1"):

> [Individual #1] is an ignorant incompetent cunt that should be worried for her safety. Fact that she is still alive. Liberal nazi deserves the bullet to head. Resign before she ends like what happened to trump at his speech. They won't miss fat bitch.

[Doc. 1 ¶¶ 2, 5.] The indictment alleges that the post violated 18 U.S.C. § 875(c), which makes it a federal crime to transmit in interstate commerce any communication containing a threat to injure another person. [*See generally id.*]

Mr. Spitzer argues that assuming the allegations in the indictment were true, it fails to state an offense because the posting was not a "true threat," or even a threat at all, and thus is protected by the First Amendment. [Doc. 40.] As he sees it, the posting was simply political speech about a public figure and did not advocate the use of force or violence against Individual #1. [*Id.* at 4-5.]

The government responds that whether Mr. Spitzer's posting qualified as a true threat is a question for the jury and that a pretrial determination of the sufficiency of the evidence is procedurally improper. [Doc. 44 at 3-6.] The government further asserts that Mr. Spitzer improperly relies on facts not alleged in the indictment to contextualize the posting. [*Id.* at 3-4.] The government has the better argument.

"An indictment is sufficient if it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Doak*, 47 F.4th 1340, 1351 (11th Cir. 2022) (quotation

omitted). Federal Rule of Criminal Procedure 12 allows a defendant to move to dismiss a criminal charge for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "In judging the sufficiency of the indictment, the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated." *United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986).

The offense charged here—interstate transmission of threats under 18 U.S.C. § 875(c)—requires the government to allege and prove: (1) the defendant transmitted a communication in interstate commerce; (2) the communication contained a threat; and (3) the defendant made the communication for the purpose of communicating a threat or with knowledge that the communication would be viewed as a threat. *United States v. Rivera-Rodriguez*, No. 21-10082, 2022 WL 1234675, at *1 (11th Cir. Apr. 27, 2022) (citing *Elonis v. United States*, 575 U.S. 723, 732, 740 (2015)). The Eleventh Circuit's Pattern Jury Instructions correspondingly provide that a jury can find a defendant guilty of violating § 875(c) if the government proves the defendant "knowingly sent a message in interstate commerce containing a true threat to injure the person of another"; and he "sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat." Pattern Crim. Jury Instr.

11th Cir. OI O30.3 (2026) (cleaned up). The Instructions further provide that a "true threat" is "a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured." *Id.* (cleaned up). "The 'true' in that term distinguishes what is at issue from jests, 'hyperbole,' or other statements that when taken in context do not convey a real possibility that violence will follow (say, 'I am going to kill you for showing up late')." *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (citing *Watts v. United States*, 394 U.S. 705, 708 (1969)). In other words, "[t]rue threats are serious expressions conveying that a speaker means to commit an act of unlawful violence." *Id.* (cleaned up). Accordingly, the "court may properly dismiss an indictment alleging the communication of a threat as a matter of law if it concludes that no reasonable jury could find that the alleged communication constitutes a threat or a true threat." *United States v. Waszut*, No. 1:25-CR-423-MLB, 2026 WL 2271421, at *1 (N.D. Ga. Aug. 6, 2026) (cleaned up) (quoting *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013)).

Considering the allegations on the face of the indictment—as this Court must—the Court finds that a jury could conclude that Mr. Spitzer's alleged posting constituted a "true threat." There are at least four separate references to harming or killing Individual #1, including: that she should be "worried for her

safety"; that she "deserves a bullet to [the] head"; that unless she resigns she risks being shot similar to the attempted assassination of President Donald J. Trump; and that she will not be missed. In addition, the posting makes an oblique reference to her still being alive, which when combined with the other statements, can reasonably be interpreted as evidencing a present intent to intimidate and place Individual #1 in fear of bodily harm or death. The screed's liberal use of epithets further tends to show that the posting was not simply on a matter of public concern, but rather a threat against Individual #1 personally. Dismissal, therefore, is not appropriate under Rule 12(b)(3)(B)(v).

In an effort to contextualize the posting, Mr. Spitzer points to an internet article in which Mike Pompeo, the former U.S. Secretary of State, described Individual #1 as "the most dangerous person in the world"; examples of "conservative politicians and commentators" criticizing her approach to school closures during the pandemic; and examples of Individual #1's own political statements. [Doc. 40 at 1-2.] But these are not facts that the Court can consider at this juncture because they fall outside the four corners of the indictment.

In his reply, Mr. Spitzer relies on the Supreme Court's decision in *Watts v. United States*, to argue that "political hyperbole" is not a "true threat." True enough, but *Watts* is distinguishable. In that case, the Supreme Court overturned

the conviction of Watts, an 18-year-old Black protester who was charged with threatening President Lyndon B. Johnson during a political rally at the Washington Monument during the 1960's. 394 U.S. at 706. During the protest, Watts said:

> They always holler at us to get an education. And now I have already received my draft classification as 1-A and I have got to report for my physical this Monday coming. I am not going. If they ever make me carry a rifle the first man I want to get in my sights is L.B.J. They are not going to make me kill my black brothers.

*Id.* (quotation marks omitted). The Supreme Court held that considering the full context of the statement—including that it was conditional upon Watt's joining the military (which he said he would not do) and that the listeners laughed at his statement—it was "political hyperbole," not a true threat. *Id.* In contrast, Mr. Spitzer's alleged statement is much more threatening for the reasons explained above. Also, significantly, *Watts* was decided after trial, based on a developed evidentiary record, which underscores why dismissal at this juncture is not appropriate.

Accordingly, dismissal of the indictment is not warranted. But, of course, Mr. Spitzer is free to renew his challenge to the sufficiency of the evidence at trial. *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the

evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.”).

## CONCLUSION

For these reasons, it is **RECOMMENDED** that Mr. Spitzer’s motion to dismiss be **DENIED**. [Doc. 40.] The case is **CERTIFIED READY FOR TRIAL**.

SO RECOMMENDED this 9th day of October, 2026.

JOHN K. LARKINS III
United States Magistrate Judge